UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
IN RE JOSEFA IWACHIW, an incapacitated person,

**ORDER**
15-CV-3805 (SJF)(SIL)
-------------------------------------------------------------X
FEUERSTEIN, District Judge:

Pending before the Court is an application by the *pro se* movant Walter Iwachiw ("Iwachiw") for leave to proceed *in forma pauperis* on his appeal of so much of an order of this Court, dated July 15, 2015, as *sua sponte* remanded this proceeding to the Supreme Court of the State of New York, County of Queens ("the state court") pursuant to 28 U.S.C. § 1447(c). For the reasons stated herein, Iwachiw's application is denied.

Rule 24(a)(3) of the Federal Rules of Appellate Procedure provides, in relevant part, that

> "A party who was permitted to proceed in forma pauperis in the district-court action, * * * may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court– before or after the notice of appeal is filed– certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; * * *."

In the July 15, 2015 order[1], I, *inter alia*, granted Iwachiw's application to proceed *in forma pauperis*; *sua sponte* remanded this proceeding the state court pursuant to 28 U.S.C. § 1447(c); and certified pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from that order would not be taken in good faith. Since the July 15, 2015 order remanded this proceeding to the state court within thirty (30) days after Iwachiw filed the notice of removal based upon, *inter alia*, defects in the removal procedure, including the fact that Iwachiw was not a defendant in this proceeding, the appeal is not taken in good faith. See 28 U.S.C. § 1447(d) (holding that with

---

[1] The July 15, 2015 order was originally entered by the Clerk of the Court, and a copy thereof was mailed to the *pro se* movant, on July 15, 2015. However, due to a docketing error, the original docket entry was deleted and reentered by the Clerk of the Court on October 6, 2015.

1

exceptions not relevant here, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise[.]"); Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 127-28, 116 S. Ct. 494, 133 L. Ed. 2d 461 (1995) ("As long as a district court's remand is based on a timely raised defect in removal procedure or on lack of subject-matter jurisdiction[] * * * a court of appeals lacks jurisdiction to entertain an appeal of the remand order under § 1447(d).") Accordingly, Iwachiw's application for leave to proceed on appeal *in forma pauperis* is denied.

III. Conclusion

For the reasons set forth herein, plaintiff's motion for leave to proceed on appeal *in forma pauperis* is denied. Pursuant to Rule 24(a)(4) of the Federal Rules of Appellate Procedure, the Clerk of the Court shall serve notice of entry of this order upon all parties and "immediately notify" the United States Court of Appeals for the Second Circuit of this decision. Pursuant to Rule 24(a)(5) of the Federal Rules of Appellate Procedure, *inter alia*, plaintiff may file a motion for leave to proceed on appeal *in forma pauperis* in the United States Court of Appeals for the Second Circuit **within thirty (30) days after the Clerk of this Court serves notice of entry of this order upon him**.

SO ORDERED.

/s/
SANDRA J. FEUERSTEIN
United States District Judge

Dated: October 20, 2015
Central Islip, New York